IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE KAPPEL,** | ) | |
| | ) | |
| **Movant** | ) | FILED: APRIL 8, 2008 |
| | ) | **Case No.** 08CV1991 TG |
| **v.** | ) | JUDGE LEINENWEBER |
| | ) | MAGISTRATE JUDGE ASHMAN |
| **ADVANCED EQUITIES, INC.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MOTION TO CONFIRM ARBITRATION AWARD**

NOW COMES Movant, Denise Kappel, by and through her undersigned attorney, and, pursuant to 9 U.S.C. § 9, moves to confirm an arbitration award, stating as follows:

1. Respondent, Advanced Equities, Inc. ("AEI") is an Indiana corporation with its principal place of business in Chicago, Illinois. AEI commenced an arbitration against Movant before the National Association of Securities Dealers (n/k/a FINRA) in March, 2006, Arbitration No. 06-01261.

2. Movant, Denise Kappel, is a resident of Cook County and was formerly employed by AEI as a broker.

3. Movant counterclaimed AEI in the above arbitration action for compensation owed to her and for violation of 42 U.S.C. § 2000e, *et seq*.

4. The Financial Industry Regulatory Association ("FINRA"), the successor organization of the NASD held arbitration hearings for this matter in Chicago, Illinois.

5. After hearings on September 11 and 12, 2007, December 17, 18 and 19, 2007, and February 25, 26 and 27, 2008, the FINRA arbitration panel issued an award on April 4, 2008, a copy of which is attached as Exhibit "A" hereto. That award denied and

dismissed AEI's claim with prejudice, and granted Movant a total of $540,328 in compensatory damages, punitive damages and attorneys' fees.

6. Jurisdiction of this action is conferred on this Court pursuant to by 28 U.S.C. § 1331 and 9 U.S.C. § 9.

7. A copy of this Motion to Confirm has been served on counsel of record for AEI who appeared on behalf of AEI during the aforesaid arbitration.

WHEREFORE, the Movant, Denise Kappel, prays that judgment be entered consistent with the arbitration award attached as Exhibit "A" hereto.

Respectfully submitted,
Denise Kappel

By:____________________
One of her Attorneys

Nicholas P. Iavarone, Esq.
11 S. LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 637-9466
(800) 417-0580 (fax)

Alan F. Block, Esq.
Block & Landsman
Chicago, Illinois 60603
11 S. LaSalle Street, Suite 1600
(312) 251-1144
(312) 251-1147 (fax)

**AWARD**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Name of Claimant/Counter-Respondent

Advanced Equities, Inc.

vs.

Case Number: 06-01261
Hearing Site: Chicago, Illinois

Name of Respondent/Counter-Claimant

Denise Kappel

## NATURE OF THE DISPUTE

Member vs. Associated Person

## REPRESENTATION OF PARTIES

Advanced Equities, Inc. ("Claimant" or "AEI") was represented by Ronald M. Amato, Esq., Shaheen, Novoselsky, Staat, Filipowski & Eccleston, PC, Chicago, Illinois until on or about October 24, 2007. After that date, Claimant was represented by Andrew M. Zack, Esq., Munro & Zack, PC, Troy, Michigan.

Denise Kappel ("Respondent" or "Kappel") was represented by John R. Ostojic, Esq., Ostojic & Scudder, Chicago, Illinois until on or about August 2, 2007. After that date, Respondent was represented by Nicholas P. Iavarone, Esq., The Iavarone Law Firm, Chicago, Illinois and Alan F. Block, Esq., Block & Landsman, Chicago, Illinois.

## CASE INFORMATION

The Statement of Claim was filed on or about March 13, 2006. The Submission Agreement of Claimant, Advanced Equities, Inc. was signed on or about March 9, 2006. On or about September 19, 2006, Advanced Equities, Inc. filed a Reply to Denise Kappel's Counterclaim. On or about October 5, 2007, Advanced Equities, Inc. filed a Response to Denise Kappel's Motion to File an Amendment to her Counterclaim. On or about November 12, 2007, Advanced Equities, Inc. filed an Answer to Denise Kappel's Amendment to her Counterclaim.

The Statement of Answer and Counterclaim was filed by Respondent, Denise Kappel, on or about May 18, 2006. The Submission Agreement of Respondent, Denise Kappel, was signed but not dated. On or about September 21, 2007, Denise Kappel filed a Motion to



File the Amendment to her Counterclaim. On or about October 12, 2007, Denise Kappel filed an Amendment to Her Counterclaim.

## CASE SUMMARY

Claimant asserted the following cause of action: breach of contract. The cause of action related to Claimant's allegation that Respondent signed an employment letter contract ("Employment Letter") that provided that in the event Respondent resigned any time before eighteen months from the commencement of her employment, she would pay back a portion of the draw paid to her that was in excess of the amount of commissions earned. Claimant alleged that Respondent resigned within the eighteen month period stated in the Employment Letter and received a draw. Therefore, Claimant alleged Respondent owes a repayment of the excess in accordance with the Employment Letter.

Unless specifically admitted in her Answer, Respondent denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: Respondent had a verbal understanding with the Sales Manager and President of AEI that she would receive compensation, in the form of cash and warrants, for the successful business deals she brokered as an employee for AEI; AEI failed to pay Respondent warrants from a deal she brokered; AEI's breach of the verbal agreement bars it from asserting a claim for breach of contract against Respondent; and AEI is barred from seeking an award against Kappel due to its own unclean hands.

Kappel asserted following causes of action in her Counterclaim and Amendment thereto: breach of contract; account stated; sexual harassment and sexual discrimination pursuant to Title VII of Civil Rights Act of 1964; fraud; and unjust enrichment. The causes of action related to Kappel's allegation that she had a verbal agreement with AEI where she was to receive half of the cash commission and half of the warrant commission gained by AEI as a result of her closing a private placement of Infinera Corporation. Kappel alleged that AEI paid her half the cash commission due but failed to pay half of the warrant commission. Kappel also alleged that AEI had verbal policies in place that violated the terms of the Employment Letter by requiring continuous employment until and 180 days to 360 days after a liquidity event and reducing the commissions and fees due a broker who sold a direct private equity investment. Kappel alleged that she experienced incidents of sexual harassment, including inappropriate verbal comments and unwelcome sexual advances, made by employees and management of AEI. Kappel alleged that AEI required her to generate higher commissions and fees than other employees in order to keep her office and that other employees were not held to same requirements but were treated better than Kappel.

Unless specifically admitted in its Answer to the Counterclaim, AEI denied the allegations made in the Counterclaim and Amendment thereto and asserted affirmative defenses including the following: Kappel is not entitled to Infinera warrants, which are currently worthless; Kappel was not sexually harassed, and cannot substantiate her vague claims;

Kappel was not the victim of gender discrimination; AEI owed no fiduciary duties to Kappel; Kappel cannot meet the high burden she bears of proving her fraud claim; language contained in AEI's employee handbook, which was expressly part of Kappel's Employment Letter, bars her claim to the Infinera warrants; Kappel cannot show that she justifiably relied upon any alleged omissions of fact; and Kappel cannot meet her burden of proving that AEI is liable to her under any theory of recovery.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $ 4,056.00 |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

Respondent requested that the claims asserted against her be denied in their entirety.

In the Amended Counterclaim, Denise Kappel requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $1,380,328.00 |
| Exemplary/Punitive Damages | $4,140,984.00 |
| Attorneys' Fees | Unspecified |

## OTHER ISSUES CONSIDERED & DECIDED

In its Order dated September 13, 2007, the Panel allowed Respondent until September 21, 2007 to file a Motion to Amend her Counterclaim and supporting Memorandum. The Panel allowed Claimant until October 5, 2007 to respond. No reply was scheduled.

In its Order dated October 12, 2007, the Panel granted Respondent's Motion to Amend her Counterclaim.

During the hearing, the Panel denied Claimant's Motion for Directed Verdict on Sexual Harassment Claim.

On or about March 12, 2008, the Panel issued an Order for the parties to submit Petitions for Attorneys' fees within 7 days after their Order was sent to the parties. The Panel allowed for responses within seven days thereafter.

On or about March 18, 2008, Respondent filed a Memorandum in Support of her Request for Attorneys' fees. On or about March 20, 2008, Claimant advised that it would not file a response to Respondent's Memorandum.

On or about March 19, 2008, Claimant filed its Memorandum of Law Concerning Petition for Attorneys' fees. On or about March 19, 2008, Respondent advised that she would not file a response to Claimant's Memorandum.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, the evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Claimant's claims, each and all, are hereby denied and dismissed with prejudice;

2.) Claimant, Advanced Equities, Inc., is liable for and shall pay to Respondent, Denise Kappel, the sum of $260,328.00 in compensatory damages for breach of employment agreement;

3.) Claimant, Advanced Equities, Inc., is liable for and shall pay to Respondent, Denise Kappel, the sum of $200,000.00 compensatory and punitive damages under Title VII and pursuant to *MastroBuono v. Shearson Lehman Hutton, Inc.* 514 U.S. 52 (1995);

4.) Claimant, Advanced Equities, Inc., is liable for and shall pay to Respondent, Denise Kappel, the sum of $80,000.00 in attorneys' fees pursuant to Title VII 42 U.S.C. Section 2000e-5(k);

5.) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

6.) Any relief not specifically enumerated is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**

FINRA Dispute Resolution will retain the non-refundable filing fees for each claim:

| | | |
|---|---|---|
| Initial Claim filing fee | = $ | 200.00 |
| Counterclaim filing fee | = $ | 600.00 |

**Member Fees**

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the event giving rise to the dispute. In this matter, the member firm is Advanced Equities, Inc.

| | | |
|---|---|---|
| Member surcharge | = $ | 200.00 |
| Pre-hearing process fee | = $ | 5,500.00 |
| Hearing process fee | = $ | 750.00 |

**Adjournment Fees**

Adjournments granted during these proceedings:

| | | |
|---|---|---|
| October 31 – November 1, 2007 and November 5 – 6, 2007, adjournment requested by Claimant | = $ | 750.00 |

**Forum Fees and Assessments**

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Decision on a contested motion for the issuance of a subpoena with one (1) arbitrator @ $200.00 (maximum of $600) = $ 200.00

One (1) Pre-hearing session with a single arbitrator x $450.00 = $ 450.00
Pre-hearing conference: June 1, 2007 1 session

One (1) Pre-hearing session with Panel x $750.00 = $ 750.00
Pre-hearing conference: January 30, 2007 1 session

One (1) Pre-hearing session with Panel x $1,200.00 = $ 1,200.00
Pre-hearing conference: October 26, 2007 1 session

| | | | |
|---|---|---|---|
| Four (4) Hearing sessions x $750.00 | | | = $ 3,000.00 |
| Hearing Dates: | September 11, 2007 | 2 sessions | |
| | September 12, 2007 | 2 sessions | |
| Eleven (11) Hearing sessions x $1,200.00 | | | = $ 13,200.00 |
| Hearing Dates: | December 17, 2007 | 2 sessions | |
| | December 18, 2007 | 2 sessions | |
| | December 19, 2007 | 2 sessions | |
| | February 25, 2008 | 2 sessions | |
| | February 26, 2008 | 3 sessions | |
| Total Forum Fees | | | = $ 18,800.00 |

The Panel has assessed $18,800.00 of the forum fees to Advanced Equities, Inc.

**Administrative Costs**

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters and security.

Advanced Equities, Inc., requested copies of audio tapes = $ 240.00

**FEE SUMMARY**

Claimant, Advanced Equities, Inc., is liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 400.00 |
| Counterclaim Filing Fee | = $ 400.00 |
| Member Fees | = $ 6,450.00 |
| Adjournment Fee | = $ 750.00 |
| Administrative Costs | = $ 240.00 |
| Forum Fees | = $ 18,800.00 |
| Total Fees | = $ 27,040.00 |
| Less payments | = $ 7,215.00 |
| Balance Due FINRA Dispute Resolution | = $ 19,825.00 |

Respondent, Denise Kappel, is liable for:

| | |
|---|---|
| Filing Fee | = $ 200.00 |
| Total Fees | = $ 200.00 |
| Less payments | = $ 975.00 |
| Refund Due Respondent | = $ 775.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Champ W. Davis, Jr. - Public Arbitrator, Presiding Chair
Ann Breen-Greco - Public Arbitrator
Thomas F. Mahoney - Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Cham W. Davis, Jr.
Champ W. Davis, Jr.
Public Arbitrator, Presiding Chair

April 4, 2008
Signature Date

/s/ Ann Breen-Greco
Ann Breen-Greco
Public Arbitrator

April 4, 2008
Signature Date

/s/ Thomas F. Mahoney
Thomas F. Mahoney
Public Arbitrator

April 4, 2008
Signature Date

April 7, 2008
Date of Service (For FINRA office use only)

## ARBITRATION PANEL

Champ W. Davis, Jr. - Public Arbitrator, Presiding Chair
Ann Breen-Greco - Public Arbitrator
Thomas F. Mahoney - Public Arbitrator

Concurring Arbitrators' Signatures:

Champ W. Davis, Jr.
Public Arbitrator, Presiding Chair

April 4, 2008
Signature Date

Ann Breen-Greco
Public Arbitrator

Signature Date

Thomas F. Mahoney
Public Arbitrator

Signature Date

Date of Service (For FINRA office use only)

## ARBITRATION PANEL

Champ W. Davis, Jr. - Public Arbitrator, Presiding Chair
Ann Breen-Greco - Public Arbitrator
Thomas F. Mahoney - Public Arbitrator

Concurring Arbitrators' Signatures:

Champ W. Davis, Jr.
Public Arbitrator, Presiding Chair

Signature Date

Ann Breen-Greco
Ann Breen-Greco
Public Arbitrator

4/4/08
Signature Date

Thomas F. Mahoney
Public Arbitrator

Signature Date

Date of Service (For FINRA office use only)

**ARBITRATION PANEL**

Champ W. Davis, Jr. - Public Arbitrator, Presiding Chair
Ann Breen-Greco - Public Arbitrator
Thomas F. Mahoney - Public Arbitrator

Concurring Arbitrators' Signatures:

Champ W. Davis, Jr.
Public Arbitrator, Presiding Chair

Signature Date

Ann Breen-Greco
Public Arbitrator

Signature Date

Thomas F. Mahoney
Thomas F. Mahoney
Public Arbitrator

4 April 2008
Signature Date

Date of Service (For FINRA office use only)