**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DENISE KAPPEL,<br><br>       *Movant,*<br><br>    v.<br><br>ADVANCED EQUITIES, INC.,<br><br>       *Respondent.* | No.: 08 CV 1991<br><br>JUDGE LEINENWEBER<br><br>MAGISTRATE JUDGE ASHMAN |

### RESPONDENT'S COUNTERPETITION TO MODIFY THE ARBITRATION AWARD AND IN OPPOSITION TO MOVANT'S MOTION TO CONFIRM

NOW COMES Respondent, Advanced Equities, Inc. ("AEI"), by and through its attorneys, Shefsky & Froelich Ltd., pursuant to 9 U.S.C. § 11, counterpetitions this Court to modify an arbitration award and deny Movant Denise Kappel's ("Ms. Kappel") motion to confirm, and states as follows:

    1.    On April 7, 2008, a FINRA arbitration panel awarded Ms. Kappel $540,328 in compensatory damages, punitive damages and attorney's fees (the "Award") in the FINRA arbitration captioned *Advanced Equities, Inc. v. Denise Kappel*, FINRA No. 06-01261, a copy of which is attached as Exhibit A to Respondent's memorandum of law in support of this counterpetition.

    2.    The Award contains several evident material miscalculations and must be modified pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 11(a).

    3.    The Title VII portion of the Award must be reduced to comply with the statutory cap on damages. The panel awarded Ms. Kappel $200,000 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*, which is the statutory maximum for a company with more than 200 employees. *See* 42 U.S.C. § 1981a(b)(3)(C).

4.      AEI has at all relevant times had less than 100 employees, and nothing in the record supports AEI having more than 200 employees. Accordingly, the statutory maximum for such damages is limited to $50,000. 42 U.S.C. sec. 1981a(b)(3)(A).

5.      Ms. Kappel's attorney submitted a fee petition to the panel requesting 40% of any award she received pursuant to a contingency fee agreement. *See* Ex. C to Respondent's memorandum of law in support of this counterpetition.

6.      The panel awarded Ms. Kappel $80,000 in attorney's fees under Title VII (*see* Ex. A, p.4, ¶ 4 to Respondent's memorandum of law in support of this counterpetition), which is 40% of her awarded damages under Title VII.

7.      If this Court modifies the Title VII portion of the Award, reducing it to the statutory maximum for a company AEI's size, or $50,000, the attorney's fees portion must also be reduced to reflect this modified amount. Accordingly, the attorney's fees portion should be modified to 40% of $50,000, or $20,000.

8.      The panel made several evident material miscalculations in determining Ms. Kappel's Award with respect to her compensatory damages for breach of her employment agreement.

9.      Where an evident material miscalculation occurs in determining an award, as here, Courts must modify the award to reflect the correct amount of damages to prevent an inequitable result. *See BEM I, L.L.C. v. Anthropologie Inc.*, 2001 WL 197057 (N.D. Ill. Feb. 27, 2001) (court modified the award where the fees awarded should have been multiplied by 26.1% as opposed to 35.9%); *Asturiana De Zinc Marketing, Inc. v. LaSalle Rolling Mills, Inc.*, 20 F. Supp. 2d 670, 673 (S.D.N.Y. 1998) (court modified arbitration award that used an exhibit using incorrect amounts in its method of calculating damages); *Laurin Tankers America, Inc. v. Stolt*

*Tankers, Inc.*, 36 F. Supp. 2d 645 (S.D.N.Y. 1999) (held that material miscalculations of figures by arbitrators in calculating damages was evident upon face of the award and remanded); *NetKnowledge Technologies, L.L.C. v. Rapid Transmit Technologies*, 2007 WL 518548, *6 (N.D. Tex. Feb. 20, 2007) (court held that the arbitrator, in double counting certain payments to arrive at the award, made a material miscalculation of figures and modified the award).

10.  The panel awarded Ms. Kappel $260,328 in compensatory damages for breach of her employment agreement. *See* Ex. A, p. 4, ¶ 1 to Respondent's memorandum of law in support of this counterpetition.  This award reflects the value of 10,847 Infinera warrants at $24 per warrant.  However, the panel failed to deduct the cost basis, or "strike price" for these warrants, which was $5.40 per warrant, from the overall value.

11.  This mistake resulted in an excess $58,573.80 in value.  Accordingly, the Award should be modified to reflect the deduction of the cost basis of these warrants.

12.  Additionally, the panel's Award reflects a share price of $24 per warrant.  Nothing in the record supports a price of $24.  The highest share price in evidence for the Infinera warrants is $21. *See* Ex. D to Respondent's memorandum of law in support of this counterpetition.  Accordingly, the Award should be reduced to reflect a $21 value, less the cost basis for the warrants.

13.  Because the panel awarded Ms. Kappel 10,847 warrants, the modified calculation should be 10,847 multiplied by $21, less $58,573.80 (the cost basis), for a total of $169,213.20.  In the alternative, Respondent requests the Award be modified to reflect 10,847 warrants, multiplied by $24, less $58,573.80 (the cost basis), for a total of $201,754.20.

WHEREFORE, Advanced Equities, Inc. respectfully requests that this Court modify the award to: (1) reduce the compensatory and punitive damages under Title VII to reflect the

statutory maximum allowed against a company of AEI's size, or to $50,000; (2) reduce the attorneys fees portion of the award to reflect 40% of her damages awarded under Title VII, or to $20,000; (3) reflect the warrants to be $21 a share instead $24 a share and to deduct the cost basis of the warrants, or $58,573.80 from the final award for breach of employment agreement, reducing the award from $260,328 to $169,213.20; or, in the alternative; (4) subtract the cost basis of the warrants, or $58,573.80 from the final award for breach of employment agreement, reducing the award from $260,328 to $201,754.20.

DATED:  May 6, 2008

Respectfully submitted,

Advanced Equities Inc., *Respondent*

BY: ___s/ James D. Wilson___
One of its attorneys

James D. Wilson (ARDC 3033643)
jwilson@shefskylaw.com
Sarah R. Farrell (ARDC 6282834)
sfarrell@shefskylaw.com
Attorneys for Respondent
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, # 2800
Chicago, Illinois 60601
(312) 527-4000
1083053_1

4