IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISCTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE KAPPEL,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | Case No. 08 CV 1991 |
| v. | ) | Judge Leinenweber |
| | ) | Magistrate Judge Ashman |
| **ADVANCED EQUITIES, INC.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ADDENDUM TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

NOW COMES Movant, Denise Kappel, by and through her undersigned attorneys, and, and for her Addendum to Movant's Motion For Sanctions Pursuant to 28 U.S.C. §1927, states as follows:

1. As stated in the Movant's Motion for Sanctions, Movant ordered the tapes of the February 25-27, 2008 hearing dates in this matter (at a cost of $120). The tapes were produced to Movant's counsel by FINRA on the afternoon of May, 9, 2008.

2. The undersigned attorney listened to the entirety of Tape 1 (the initial February 25th tape ) and on the B side, near the end of the tape, the following questions were asked on adverse examination of Keith Daubenspeck and he provided the following answers:

    Q.    How many employees do you have?
    A.    Several hundred.
    Q.    Can you give us a number?
    A.    I. . .I don't know. We have a big company . . . a big organization.
    Q.    More than 500?
    A.    . . . employees, I don't know if it's more than 500, *I think it is 200 or 300.*

Emphasis supplied.

4. As stated in Movant's Motion for Sanctions, Dwight Badger of Respondent was also called as an adverse witness, testified:

```
23     Q   Who drafted this?
24     A   I don't know who drafted it.
 1     Q   What -- well, you read it.
 2     A   I don't know who drafted it.  Look, I
 3        got an organization where I've got 400 --
 4        roughly --
 5     Q   You have a record --
 6     A   -- 300 plus employees.
```

P. 207-08 (emphasis supplied).

5. The testimony of both Daubenspeck and Badger were argued to the Panel *without* objection at in final argument. If this testimony was inaccurate in *any* manner it was the responsibility of Respondent's counsel to clarify the record *at the hearing*. Respondent's counsel made no such effort.

6. Therefore Respondent, itself, provided testimony sufficient to support the Arbitrators' Award and it is simply false to state: "Nowhere in the record, however, is there evidence to support the allegation that AEI had between 200-300 employees." Respondent's Memorandum of Law at p. 4.

7. Furthermore, Respondent disingenuously alleged that no evidence was presented to support a $24 a share price for Infinera, assuming *arguendo*, that was the price the Panel used. Aside from the fact that the Award does not mention the $24 a share price, Respondent ignores the evidence that it introduced at the hearing regarding Infinera's stock price.

8. Specifically, Respondents attached a chart as Exhibit "G" to its

Memorandum of Law filed before this Court. That chart reflects a trading range for well in excess of $24 per share for extended periods of time. Not surprising, *that chart was introduced into evidence at the hearing by Respondent.* (*See* p. 8, fn. 3 to Respondent's Memorandum of Law).

9.  Respondent's arguments are not well grounded in the facts or the law. As demonstrated above, its contentions are directly contradicted by its own submissions and the record in the underlying arbitration. This Court should not countenance such a transparent attempt to unnecessarily multiply these proceedings and extend this litigation.

WHEREFORE, for the reasons set forth herein and in the Motion For Sanctions, Movant prays that sanctions in the form of reasonable attorneys' fees and costs be entered against the Respondent pursuant to 28 U.S.C. §1927.

Respectfully submitted,

_____
One of Movant's Attorneys

Nicholas P. Iavarone, Esq.
The Iavarone Law Firm
11 S. LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 637-9466
(800) 417-0580 (fax)

Alan F. Block, Esq.
Block & Landsman
11 S. LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 251-1144
(312) 251-1147 (fax)