IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENISE KAPPEL,** <br><br> Movant, <br><br> v. <br><br> **ADVANCED EQUITIES, INC.,** <br><br> Respondent. | Case No. 08 C 1991 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

The Movant, Denise Kappel (hereinafter, "Kappel"), has moved in this case to confirm an arbitration award entered on April 4, 2008 of $260,328 in compensatory damages for breach of an employment agreement and $200,000 compensatory and punitive damages under Title VII. The award also ordered the Respondent, Advanced Equities, Inc. (hereinafter, "AEI"), to pay $80,000 in attorneys fees. AEI has counter-petitioned to have the Court modify the arbitration award. Kappel then moved for sanctions pursuant to 29 U.S.C. Section 1927.

AEI's bases for modification of the award is based on two contentions: first, that the arbitrators incorrectly computed the number of employees of AEI and accordingly the award of $200,000 on the Title VII claim should be reduced; and second, the breach of employment contract damages were incorrectly computed and should be reduced.

## I.   **THE NUMBER OF EMPLOYEES**

Title VII provides statutory caps on compensatory and punitive damages based on the size of the employer. An award of $200,000, as was made in this case, requires that an employer have more than 200 employees (and fewer than 501). AEI contends that at the period in question in had well under 100 employees. Thus, it argues the statute caps damages under Title VII at $50,000. In support of this contention it filed with this Court the affidavit of AEI's payroll manager which avers that at no time during the relevant time period did AEI have more than 95 employees. Kappel counters with references to the record where witnesses identified with AEI testified that there were "more than 300" and "less than 500" employees. AEI argues that this figure represented the total employees of AEI's parent and not that of AEI. In attempting to explain why it did not place into evidence the number of employees of AEI it said that it did not do so because it was Kappel's burden. However, Kappel in her closing argument used these figures in arguing to the arbitrators and the record is at best unclear. Thus this is the type of "error" that the Court is prohibited from considering as a ground for vacating an award. *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). The award of $200,000 on the Title VII claim is confirmed.

## II. **BREACH OF CONTRACT DAMAGES**

The second basis for modifying the award relates to the award of $260,328 in compensatory damages for breach of her employment agreement. According to the confirmation award, the breach of employment agreement was based on AEI's failure to pay Kappel her half of what is termed as "warrant commission" paid to AEI as a result of Kappel closing a private placement for Infinera Corporation. AEI argues that the award of $260,328 obviously represents the arbitrators' calculation of the value of the warrants as being $24 per share. The parties seem to agree that her half of the warrant commission amounted to 10,847 warrants each allowing her to purchase one share of Infinera Corporation at $5.40 per share. AEI argues that the arbitrators in awarding her the $260,328 obviously did not deduct her cost of $5.40 to purchase each share. Kappel argues that she was entitled to the $5.40 as "back-end commission."

The Federal Arbitration Act in Section 11(a) authorizes a Court to make an order modifying or correcting an award "where there was an evident material miscalculation of figures." The Court does not understand Kappel's argument. A warrant, similar to a put option, confers the right to purchase shares of stock at a specific price which may or may not be the price at which the stock is trading. If the price conferred by the warrant is lower than the market price, the warrant has value. If it is higher, *i.e.*,

under water, its value is considerably lower. However, the most a warrant holder can get if she trades in the warrant for a share of stock and sells the stock immediately is the price of the stock less the warrant (strike) price set by the warrant. Thus, AEI is correct: assuming the stock value was set at $24 per share, the warrant value would be $24 minus $5.40 or $18.60 per warrant, assuming it was exercised and the stock immediately sold. Thus, the award should have been 10,847 times $18.60 or $201,754.00 rather than $260,328. The Court finds that the arbitrators made a material miscalculation in failing to deduct the strike price. AEI also argues that the evidence did not support $24 per share but no more than $21 per share. The evidence is not clear on this so the Court cannot say that this constituted a material miscalculation. Accordingly, the award is modified by reducing the award of damages for breach of the employment agreement from $260,328 to $201,754.

AEI also requests that the Court reduce the attorney's fees awarded but the Court sees no basis for doing so. The Court confirms the award of $80,000 for attorney's fees.

Kappel seeks sanctions for what she terms as unreasonable and vexatious actions which have multiplied these proceedings. The Court obviously does not agree and this Motion is denied.

### III.  CONCLUSION

For the reasons stated herein the Court confirms the award of $200,000 on the Title VII claim; the Court modifies and confirms

the award on the breach of employment contract claim of $201,754; and the Court confirms the award of $80,000 for attorney's fees for a total award of $481,754.

The Movant's Motion for Sanctions is denied.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

**DATE:** June 18, 2008